ELECTRONICALLY FILED
4/30/2018 8:43 PM
03-CV-2018-900800.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| ROBERT LASLIE JONES, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.; |
| ) | |
| ANTHONY BUSH; THE BUSH LAW FIRM, ) | |
| LLC; Fictitious Defendant "A," ) | |
| that person, corporation, or ) | |
| entity, who or which employed, ) | |
| partnered with, or associated ) | |
| with defendant Anthony Bush in ) | |
| defense of plaintiff Robert ) | |
| Laslie Jones, III, and whose ) | |
| identity is not known but will ) | |
| be substituted when ascertained; ) | |
| Fictitious Defendant "B," that ) | |
| person, corporation, or entity, ) | |
| who or which received any ) | |
| portion of the legal services ) | |
| fees billed by The Bush Law ) | |
| Firm, LLC and paid to The Bush ) | |
| Law Firm by plaintiff and/or by ) | |
| another on behalf of plaintiff, ) | |
| whose identity is not known but ) | |
| will be substituted when ) | |
| ascertained; Fictitious ) | |
| Defendant "C," that person, ) | |
| corporation, or entity that was ) | |
| a partner and/or member of ) | |
| The Bush Law Firm, LLC who or ) | |
| which provided and/or were ) | |
| retained to provide legal ) | |
| services to plaintiff in ) | |
| litigation by WHEELER BROTHERS, ) | |
| INC., whose identity is not ) | |
| known but will be substituted ) | |
| when ascertained; Fictitious ) | |
| Defendant "D," that person, ) | |

corporation, or entity who or )
which was retained to defend )
plaintiff in litigation filed )
by WHEELER BROTHERS, INC., )
against plaintiff, but failed )
and/or refused to perform legal )
services for plaintiff, and )
whose identity is not known )
but will be substituted when )
ascertained; Fictitious )
Defendant "E," that person, )
corporation, or entity, who or )
which were retained by )
plaintiff to ensure that )
defendant Anthony Bush performed)
the legal services requested )
by plaintiff and/or notify )
plaintiff of deficiencies, )
errors and/or malpractice )
by defendant Anthony Bush, )
and whose identity is not known )
but will be substituted when )
ascertained; Fictitious )
Defendant "F," that person, )
corporation, or entity, who )
or which had authority to )
oversee, supervise the )
actions, inactions, errors, or )
omissions by Anthony Bush, and )
whose identity is not known )
but will be substituted when )
ascertained; and Fictitious )
Defendant "G," that person, )
corporation, or entity that )
person, corporation, or entity, )
who or which received any )
portion of the legal services )
fees billed by Anthony Bush and )
by plaintiff and/or by another )
on behalf of plaintiff, whose )
identity is not known but will )
be substituted when ascertained; )

2

Defendants.                              )

## COMPLAINT

Comes now plaintiff Robert Laslie Jones, III, and files his complaint as follows:

## PARTIES

1. Plaintiff Robert Laslie Jones, III hereinafter "Laslie" is a resident of Montgomery County, Alabama, is over the age of 19 years, and is a named defendant in Wheeler Bros., Inc. v. Jones, Case No. 2:14-cv-1258-PGB, United States District Court for the Middle District of Alabama, Northern Division.

2. Defendant Anthony Bush is over the age of 19 years and is a licensed practicing attorney in Montgomery County, Alabama. At all time relevant to this action, defendant Bush held himself out affiliated with the Bush Law Firm, LLC.

3. Fictitious Defendants "A," that person, corporation, or entity, who or which employed, partnered with or associated with defendant Anthony Bush in defense of plaintiff Laslie and whose identity is not known but will be substituted when ascertained.

3

4. Fictitious Defendant "B," that person, corporation, or entity, who or which received any portion of the legal services fees billed by The Bush Law Firm, LLC and paid to The Bush Law Firm, LLC by plaintiff, whose identity is not known but will be substituted when ascertained.

5. Fictitious Defendant "C," that person, corporation, or entity that was a partner and/or member of The Bush Law Firm, LLC, who or which provided and/or were retained to provide legal services to plaintiff in litigation by Wheeler Brothers, Inc., whose identity is not known but will be substituted when ascertained.

6. Fictitious Defendant "D," that person, corporation, or entity who or which was retained to defend plaintiff in litigation filed by Wheeler Brothers, Inc., against plaintiff, but failed and/or refused to perform legal services for plaintiff, and whose identity is not known but will be substituted when ascertained.

7. Fictitious Defendant "E," that person, corporation, or entity who or which was/were retained by plaintiff to ensure that defendant Anthony Bush performed the legal services requested by plaintiff and/or notify

4

plaintiff of deficiencies, errors and/or malpractice by defendant Anthony Bush, and whose identity is not known but will be substituted when ascertained.

8. Defendant "F," that person, corporation, or entity who or which had authority to oversee, supervise the actions, inactions, errors, or omissions by defendant Anthony Bush, and whose identity is not known but will be substituted when ascertained.

9. Fictitious Defendant "G," that person, corporation, or entity that person, corporation, or entity, who or which received any portion of the legal services ) fees billed by Anthony Bush and by plaintiff and/or by another on behalf of plaintiff, whose identity is not known but will be substituted when ascertained.

## FACTUAL ALLEGATIONS

10. On or about January 29, 2015, Laslie met with and retained defendant Anthony Bush to represent him in a dispute relating to fraudulent transfers asserted by Wheeler Brothers, Inc., against Laslie and Jones Brothers Enterprises, LLC (hereinafter "JBE").

11. On or about March 30, 2015, Wheeler Brothers,

Inc., served Request for Production on Laslie.

12. On or about April 14, 2015, Wheeler Brothers, Inc., served Request for Production on JBE.

13. On or about April 22, 2015, Wheeler Brothers, Inc., served Interrogatories on Laslie.

14. On or about April 27, 2015, Wheeler Brothers, Inc., served Interrogatories on JBE.

15. On or about June 5, 2015, Laslie served his Answers to Interrogatories and Responses to Requests for Production. Defendant Anthony Bush did not make any specific objections to Interrogatories or Requests for Production nor did he ensure that Laslie's answers or responses were responsive and/or in compliance with the Federal Rules of Civil Procedure or Local Guidelines to Civil Discovery in the Middle District of Alabama.

16. Subsequently, counsel for Wheeler Brothers, Inc., communicated with defendant regarding the deficiencies in Laslie's discovery responses.

17. On or about August 27, 2015, Wheeler Brothers, Inc., filed a motion to compel against Laslie and specified the deficiencies in Laslie's discovery responses.

6

18. On or about September 15, 2015, defendant Bush responded on behalf of Laslie that the deficiencies had been cured, or cannot be cured because he did not possess the information or did not have access to the documents.

19. Having heard arguments of counsel, the United States District Court for the Middle District of Alabama, on October 16, 2015, granted Wheeler's motion to compel and order Laslie to answer specific Interrogatories and to produce documents responsive to certain Requests for Production and to prepare a privilege log for documents withheld on the basis of privilege.

20. On January 13, 2016, Wheeler Brothers, Inc., filed a motion for sanctions for Laslie's failure to comply with the October 16, 2015, Order and to sanction Laslie for his deletions of emails that were requested in a subpoena issued to JBE in August 30, 2013 in the Bankruptcy case filed by Laslie's father Robert Laslie Jones, Jr. The subpoena was not served on Laslie but rather was served on Robert Laslie Jones, Jr. Wheeler asked the court to sanction Laslie for failing to provide bank statements for JBE, invoices or bills of sale to backup his tax returns, insurance

documents, and updated records.

21. On January 13, 2016, the Judge for United States District Court for the Middle District of Alabama referred the motion for sanctions to a Magistrate Judge.

22. On January 27, 2016, defendant Bush on behalf of Laslie responded in opposition to the motions for sanctions but did not challenge the jurisdiction of the United States District Court for the Middle District of Alabama to sanction Laslie for noncompliance with a subpoena issued by the United States Bankruptcy Court for the Middle District of Alabama to JBE and served on Robert Laslie Jones, Jr. and/or failure to preserve electronic documents requested in the United States Bankruptcy Court for the Middle District of Alabama two years before such documents were requested by Wheeler in the United States District Court for the Middle District of Alabama. Nor did defendant Bush assert that Wheeler waived the issue of sanctions against Laslie by not raising in the issue in the United States Bankruptcy Court for the Middle District of Alabama and/or that the issue was barred by collateral estoppel as the issue was resolved against Robert Laslie Jones, Jr. in the United States

8

Bankruptcy Court for the Middle District of Alabama

23. On April 20, 2016, the Magistrate Judge ordered an April 28, 2016 hearing on the motion for sanctions.

24. On April 28 and April 29, 2016, the Magistrate Judge held a hearing on the motion for sanctions. Defendant Bush on behalf of Laslie did not challenge the jurisdiction of the United States District Court for the Middle District of Alabama to sanction Laslie for noncompliance with a subpoena issued by the United States Bankruptcy Court for the Middle District of Alabama to JBE and served on Robert Laslie Jones, Jr. and/or failure to preserve electronic documents requested in the United States Bankruptcy Court for the Middle District of Alabama two years before such documents were requested by Wheeler in the United States District Court for the Middle District of Alabama. Nor did defendant Bush assert that Wheeler waived the issue of sanctions against Laslie by not raising in the issue in the United States Bankruptcy Court for the Middle District of Alabama and/or that the issue was barred by collateral estoppel as the issue was resolved against Robert Laslie Jones, Jr. in the United States Bankruptcy Court for the

9

Middle District of Alabama

25. On May 20, 2016, the Magistrate Judge issued an Order sanctioned Laslie for deleting emails, in April 2014, that were requested in a third-party subpoena to JBE in his father's Bankruptcy proceeding. Laslie was not a party to the Bankruptcy proceeding and the subpoena was served on Laslie's father. The Magistrate Judge order Laslie, among other defendants to pay Wheeler's attorneys fees, costs, and expenses of $39,918.06.

The Magistrate Judge did not bar Laslie or JBE from introducing evidence at trial of any consideration or reason given for any transfers, directly or indirectly, from Laslie's father, Robert Laslie Jones, Jr., or Advanced Fleet Services, LLC.

26. Defendant Bush, on behalf of Laslie, did not file an objection to the Magistrate Judge's May 20, 2016, Order, permitted by Rule 72(a), Fed. R. Civ. P. Nor did Bush discuss filing an objection to the Magistrate Judge's May 20, 2016, Order.

27. Thereafter, defendant Bush represented to Laslie and JBE that they were barred from presenting a defense at

10

trial to Wheeler's claims and coerced Laslie into signing a document that he desired to terminate Bush's services and that Laslie did not intend to appear at trial.

28. On March 2, 2017, approximately 11 days before trial, defendant Bush filed a motion to withdraw on the basis that the defendants, including Laslie and JBE lacked the finances to further defend and consented/requested him to withdraw.

29. On the same day, March 2, 2017, the United States District Court for the Middle District of Alabama denied defendant Bush's motion to withdraw.

30. On March 8, 2017, defendant Bush filed a Notice of Waiver of Defenses for JBE, among other defendants.

31. On March 10, 2017, defendant Bush on behalf of Laslie and JBE, among others, stipulated to a bench trial rather than a jury trial. Bush did not discuss a bench trial with Laslie before he stipulated to a bench trial rather than a jury trial.

32. At trial on March, 13, 2017, defendant Bush orally moved to withdraw from his representation of Laslie and JBE, among others, which was denied.

11

33. At trial, defendant Bush represented to the Court that he was told not to defend Laslie, JBE, or the other defendants. Laslie contends that Bush instructed him and the other defendants, who Bush represented, not to attend court although they objected. Laslie contends that defendant Bush misrepresented to the Court that Laslie and JBE did not desire and/or intend to defend themselves.

34. At trial, defendant Bush failed to make an opening statement, failed to make objections, failed to cross-examine witnesses, failed to present any witnesses and/or evidence, and failed to make a closing argument.

35. On May 15, 2017, the United States District Court for the Middle District of Alabama entered a 94-page Memorandum of Decision, a Final Judgment, and a Judgment as to Sanctions ordering Laslie, JBE and the other defendants, jointly and severally, to pay $58,074.31 as sanctions. The Final Judgment found JBE was the mere alter ego of Laslie and entered a judgment of $703,046.75 in favor of Wheeler and against Laslie.

36. On June 14, 2017, Laslie, among other defendants, filed a Notice of Appeal.

37. On January 4, 2018, the United States Court of Appeals for the Eleventh Circuit issued an Order, among other things, dismissing part of the appeal, <u>sua sponte</u>, challenging the May 20, 2016, Sanctions Order entered by the Magistrate Judge on the basis that Laslie and the other defendant did not challenge the May 20, 2016, Sanctions Order in the District Court. Laslie asserts that defendant Bush failed to inform him that, pursuant to Rule 72(a), Fed. R. Civ. P., he needed to object to the May 20, 2016, Sanctions Order to appeal on that issue and/or defendant Bush failed to object to the May 20, 2016, Sanctions Order.

COUNT I - BREACH OF FIDUCIARY DUTY

38. Laslie adopts and realleges paragraphs 1 through 37 as if fully set out herein.

39. Laslie asserts that all defendants, including fictitious defendants, as part of their agreement to represent him and/or having supervisory and/or partnership responsibility for those representing him, owed him and/or assumed fiduciary duty of care.

40. Laslie asserts that all defendants, including fictitious defendants, breached such duty in that they

failed to exercise the same degree of care that a reasonably prudent fiduciary would have exercised under the same or similar circumstances.

42. As a proximate result, Laslie has been damaged, and caused to incur a judgment in the amount of $703,046.75 against him; a sanctions judgment in the amount of $58,074.31; to hire attorneys to appeal the judgments; to file bankruptcy; to hire an attorney to file for bankruptcy protection; to hire attorneys to defend him in an adversary proceeding in the Bankruptcy Court; to hire attorneys to pursue this litigation; and the costs of this litigation. Defendants' actions have caused Laslie to suffer emotional distress, damage to his credit rating, and to be able to educate his children in private schooling.

WHEREFORE, PREMISES CONSIDERED, Laslie demands judgment against defendants and seeks compensatory damages in an amount to exceed $950,000, including the fees paid to defendant Bush, plus costs and such other equitable and/or different relief as Laslie may be entitled to within the discretion of the Court.

### COUNT II - NEGLIGENCE, WANTONNESS, OR WILLFULNESS

43. Sam adopts and realleges paragraphs 1 through 37 as if fully set out herein.

44. Laslie alleges that defendant Anthony Bush agreed to represent/defend him in the Wheeler Brothers action.

45. Defendant Bush is a legal services provider as the term is defined in the Alabama Legal Services Liability Act, § 6-5-570, et seq., Ala. Code 1975.

46. In his representation of Laslie, defendant Bush failed to use such reasonable care, skill and diligence as other similarly situated legal services providers ordinarily exercise.

47. Laslie alleges that, among other things, defendant Bush negligently and/or wantonly failed to challenge the jurisdiction of the United States District Court for the Middle District of Alabama to sanction Laslie for noncompliance with a subpoena issued by the United States Bankruptcy Court for the Middle District of Alabama to JBE and served on Robert Laslie Jones, Jr., in 2014; negligently and/or wantonly failed to assert that Wheeler waived the issue of sanctions against Laslie by not raising in the issue in the United States Bankruptcy Court for the Middle

15

District of Alabama; negligently and/or willfully failed to raise that the issue of sanctions for failing to comply with a subpoena served on JBE was barred by collateral estoppel as the issue was resolved against Robert Laslie Jones, Jr. in the United States Bankruptcy Court for the Middle District of Alabama; negligently and/or willfully and/or wantonly failed file an objection to the Magistrate Judge's May 20, 2016, Sanctions Order, permitted by Rule 72(a), Fed. R. Civ. P.; negligently, and/or wantonly failed to discuss effect of not filing an objection to the Magistrate Judge's May 20, 2016, Sanctions Order; intentionally, and/or willfully and/or wantonly misrepresented, at trial, to the United States District Court for the Middle District of Alabama that Laslie did not wish to defend, terminated his employment, instructed him to take to no action at trial; and intentionally, and/or willfully and/or wantonly failed at trial to make an opening statement, failed to make objections, failed to cross-examine witnesses, failed to present any witnesses and/or evidence, and failed to make a closing argument.

48. As a proximate result, Laslie has been damaged,

Case 2:18-cv-00542-GMB   Document 1-1   Filed 05/31/18   Page 17 of 20
DOCUMENT 2

and caused to incur a judgment in the amount of $703,046.75 against him; a sanctions judgment in the amount of $58,074.31; to hire attorneys to appeal the judgments; to file bankruptcy; to hire an attorney to file for bankruptcy protection; to hire attorneys to defend him in an adversary proceeding in the Bankruptcy Court; to hire attorneys to pursue this litigation; and the costs of this litigation. Defendants' actions have caused Laslie to suffer emotional distress, damage to his credit rating, and to be able to educate his children in private schooling.

WHEREFORE, PREMISES CONSIDERED, Laslie demands judgment against defendants and seeks compensatory damages in an amount to exceed $950,000, including the fees paid to defendant Bush, plus costs and such other equitable and/or different relief as Laslie may be entitled to within the discretion of the Court.

## COUNT III - FRAUD

49. Laslie adopts and realleges paragraphs 1 through 37 as if fully set out herein.

50. Laslie alleges, under the Alabama Legal Services Liability Act, that defendants fraudulently suppressed the

fact that the May 20, 2016 Sanctions Order did not bar Laslie from introducing evidence at trial of any consideration or reason given for any transfers, directly or indirectly, from Laslie's father, Robert Laslie Jones, Jr., or Advanced Fleet Services, LLC; fraudulently misrepresented that Laslie was barred from introducing evidence at trial of any consideration or reason given for any transfers, directly or indirectly, from Laslie's father, Robert Laslie Jones, Jr., or Advanced Fleet Services, LLC., and had no defense to the claims brought by Wheeler Brothers; and/or deceived Laslie into believing that he could not introduce evidence at trial of any consideration or reason given for any transfers, directly or indirectly, from Laslie's father, Robert Laslie Jones, Jr., or Advanced Fleet Services, LLC, and that he did not need to attend trial of the cause; and deceived Laslie that the May 20, 2016 did not bar defendant Bush from making an opening statement, making objections, cross-examine witnesses, to present any witnesses and/or evidence, and to make a closing argument on behalf of Laslie at trial.

51. As a proximate result of defendant Bush's

fraudulent suppression, fraudulent misrepresentation, and/or deceit, Laslie has been damaged, and caused to incur a judgment in the amount of $703,046.75 against him; a sanctions judgment in the amount of $58,074.31; to hire attorneys to appeal the judgments; to file bankruptcy; to hire an attorney to file for bankruptcy protection; to hire attorneys to defend him in an adversary proceeding in the Bankruptcy Court; to hire attorneys to pursue this litigation; and the costs of this litigation. Defendants' actions have caused Laslie to suffer emotional distress, damage to his credit rating, and to be able to educate his children in private schooling.

WHEREFORE, PREMISES CONSIDERED, Laslie demands judgment against defendants and seeks compensatory damages in an amount to exceed $950,000, including the fees paid to defendant Bush, plus costs and such other equitable and/or different relief as Laslie may be entitled to within the discretion of the Court.

A TRIAL BY STRUCK JURY IS DEMANDED.

/s Susan Walker
Susan Walker (WAL090)
Attorney for plaintiff
Email: susanwalker1662@yahoo.com

<u>Of Counsel</u>

McDorman & Walker
2 Office Park Cir.
Suite 3
Birmingham, AL 35223
Tel. (205) 871-3800


Please serve defendant by Deputy Sheriff at the following addresses:


Defendant Anthony Bush
3198 Parliament Circle 302
Montgomery, AL 36116
Tel. (334) 263-7733